FILED

2010 Mar-17  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN  DIVISION


**JOHN DORSETT**

       **Plaintiff,**

                              **CV 09-PT-2341-E**

**ESTATE OF KENNETH H. REIKER;**
**TANA BURNS; REIKER ROOM**
**CONDITIONERS, LLC; THE REIKER**
**COMPANIES, LLC, JOSHUA C. REIKER**
**and TANA L. BURNS,**

       **Defendants.**

### MEMORANDUM

Prior to the recorded hearing of March 16, 2010, this judge had read the briefs of the parties and had scanned that portion of the *Ashcroft* case which had been referred to by the defendants in their brief.  The court did not recall any direct response in plaintiff's brief to the references to "plausibly" and "plausibility" in the defendants' brief.  After the hearing, this judge re-read the plaintiff's brief, and, unless the court is mistaken, there is no mention of either of said terms in the brief.

More importantly, a further reading of *Ashcroft* led to this judge noting the following: "To be clear, we do not reject these bald allegations on the ground that they are *unrealistic* or *nonsensical*.  We do not so characterize them any more than the court in *Twombly* rejected the plaintiffs' express allegation of a 'contract combination or conspiracy to prevent competitive entry' ... because it thought the claim too chimerical to be maintained.  It is the conclusory nature of respondent's allegations, rather than their *extravagantly fanciful* nature that disentitles them to

the presumption of truth." (Emphasis added). This may suggest that allegations may be "unrealistic," "nonsensical," and "extravagantly fanciful," and still be plausible. This judge acknowledges that his preliminary suggestion of implausibility, based on its "common sense" and "judicial experience," was perhaps somewhat shaded by its not being aware of this language. There, of course, has never been a decision, as such, made. It might be best for a judge to secretly harbor his thoughts. This judge, however, has always thought it best to air them so as to open, not close, discussion.

While it is *perhaps* understandable why the defendants did not call these statements to the court's attention, it is not so understandable why the plaintiff did not do so in brief or at the hearing. If the court had been aware of these statements it might have prevented some of the mutual animadversion and harshness of tone at the hearing. The court still senses some fanciful nature in the allegations,[1] but may not be able to consider that as to a motion to dismiss.

In any event, the court is still satisfied that, at least initially, the limited discovery it has allowed is appropriate. The two threshold issues are (1) whether there is a reasonable inference of an enforceable contract[2] and (2) whether there has been a sale of Reiker Room Conditioners.

This the 17th day of March, 2010.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] While such exceptions to a plausibility analysis differ from this court's perception of what plausibility means, the court is bound by them, if indeed, that was the court's holding rather than just dicta or an explanation of its precise holding.

[2] The plaintiff may now agree that there is not a reasonable inference as to the non-profit corporation.