IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN  DIVISION

**JOHN DORSETT**

      **Plaintiff,**

                                     **CV 09-PT-2341-E**

**ESTATE OF KENNETH H. REIKER,**
**et al**

      **Defendants.**

## MEMORANDUM

A further review of *Ashcroft v. Iqbal* by this court has led to further confusion concerning its holding.  The court stated: "To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.  We do not so characterize them any more than the court in *Twombly* rejected the plaintiffs' express allegation of a ' 'contract, combination or conspiracy to prevent competitive entry,'. . . . .' because it thought the claim too chimerical to be maintained.  It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."  The court, however, also stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we *1950 "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

This language suggests that even if the complaint's allegations are not conclusory, the trial court must further apply its common sense and judicial experience in determining whether the allegations are "plausible."  This suggests that the trial court must, to some extent, weigh or otherwise measure the allegations in its own light.  The court calls attention to the following law review articles: 94 Minnesota Law Review, 505 (Dec. 2009) and 108 Michigan Law Review 1 (October 2009).  An early *reasonable* settlement might save extended proceedings and costs.

      This the 31st day of March, 2009.

*[signature: Robert B. Propst]*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**